# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>GREENE COUNTY, OHIO, *et al.*,<br><br>Defendants. | Case No.: 3:17-cv-00381 |

## AGREED ORDER OF DISMISSAL

The parties hereby agree that this case has been settled and that all the issues and controversies have been resolved to their mutual satisfaction. The parties request the Court to retain jurisdiction to enforce the terms of the settlement agreements under the authority of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).

**IT IS HEREBY ORDERED:**

1. The Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreements entered on November 29, 2017 and October 11, 2018 copies of which are attached and incorporated by reference as if fully set forth herein, as authorized by law.

2. Except as provided in paragraph 1 above, this case is dismissed, with prejudice.

So ordered this 12th day of October, 2018.

/s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>GREENE COUNTY, OHIO, *et al.*,<br><br>Defendants. | Case No.: 3:17-cv-00381-TMR |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter referred to as the "Agreement") as to injunctive claims is made and entered into as of the date this Agreement is signed, by and among the Defendants Sheriff Gene Fischer and Jail Administrator Kirk Keller in their individual and official capacities, and the County of Greene on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, successors, administrators, and assigns (collectively "Defendants"), and Human Rights Defense Center ("HRDC" or "Plaintiff")), on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, successors, administrators, and assigns. Defendants and HRDC are collectively referred to as "the Parties".

### I. Recitals

A. At all times relevant hereto, Defendant Gene Fischer was the Sheriff of Greene County, Ohio, and Defendant Kirk Keller was the Jail Administrator for the Greene County Jail ("Jail").

B. Defendant, Greene County, is an organized municipal corporation existing under the laws of the State of Ohio.

C. At all times relevant hereto, the Human Rights Defense Center is a not–for–profit charitable organization recognized under §501(c)(3) of the Internal Revenue Code, incorporated

in the state of Washington and with principal offices in Lake Worth, Florida. Through its publishing project, HRDC publishes *Prison Legal News*, a monthly journal of corrections news and analysis. HRDC also publishes and/or distributes approximately fifty different softcover books about the criminal justice system, legal reference books, and self-help books of interest to prisoners. Further, HRDC sends other correspondence to prisoners in detention facilities, including the Jail.

D. This Agreement addresses and resolves certain disputes arising from and relating to allegations that Defendants violated HRDC's First and Fourteenth Amendment rights related to the handling or delivery of books, magazines and enveloped mail to prisoners housed at the Greene County Jail, and the alleged lack of due process associated with Greene's actions.

E. The Parties agree that Defendants denies any liability in this case. However, in order to avoid the expense, delay, uncertainty, and burden of litigation, the Parties have agreed to a settlement of the injunctive terms alleged in the Complaint filed in this action. This written Agreement memorializes the terms of the settlement reached by Defendants and HRDC.

F. **No Admission of Liability; No Admissibility**. The Parties acknowledge that neither this Agreement nor any consideration exchanged hereunder shall be regarded as an admission of any fact, allegation, liability, or responsibility of any kind by either of the Parties for any purpose. This Agreement shall not be admissible in any proceeding, except as is necessary in a proceeding to enforce the terms of this Agreement or to establish or prove the defenses of payment, release, accord and satisfaction, waiver, or estoppel, or as otherwise required by court order.

## II. Injunctive Terms

G. Defendants agree that they shall not censor or otherwise fail to deliver the items mailed to prisoners at the Greene County Jail ("Jail") by HRDC since July 2017, namely: a) copies of the softcover book, the *Habeas Citebook: Ineffective Assistance of Counsel*; b) informational

brochure packets detailing the publications offered by HRDC to prisoners – the packet contains a brochure and subscription order form, a book list, and a published books brochure (each of which is a single page); c) copies of the court opinion, *Clement v. California Department of Corrections*, 364 F.3d 1148 (9th Cir, 2014); and d) the June – October 2017 issues of the magazine, *Prison Legal News*. Defendants further agree that these materials did not and do not threaten any legitimate penological interests of the Jail and will not be censored in the future.

H.  For all mailings sent after the date of this Agreement, Defendants shall deliver, if consistent with Defendants' legitimate penological interests and express policy terms based thereon, publications (*i.e.*, books, magazines, and newspapers) and other materials sent to prisoners at the Jail from publishers, book clubs, bookstores, or established vendors or distributors. It is agreed that HRDC is a publisher and book distributor as contemplated by this Agreement. Defendants shall not condition delivery of any publication on the recipient relinquishing ownership of said publication. Further, Defendants shall not censor publications solely because it is in the form of a book, a magazine or newspaper article unless the content of such material threatens the Jail's legitimate penological interests. Additionally, Defendants shall not refuse to deliver materials sent by HRDC because the item(s) were sent using stamps rather than metered postage, and/or had a mailing or address label affixed to it. Finally, Defendants shall not refuse delivery of any issue(s) of PLN sent by HRDC solely because it contains staples. Defendants may remove the staples before delivering such issues to the intended prisoner-recipient.

I.  Defendants shall be allowed to institute reasonable limitations on the volume of publications and/or or other correspondence a prisoner may have in his or her prison cell to further the legitimate penological interests of the Jail.

J.  Whenever authorities at the Jail refuse to deliver any publication or other correspondence sent to a prisoner at the Jail for any reason, Jail personnel shall place into the mail

written notice to the sender within three (3) business days of making an initial mail rejection decision. The notice shall include the name and address of the publisher as well as the name(s) of the intended recipient(s), a description of the refused item of mail, a citation to the objectionable portion of the publication or correspondence, and a citation to the Jail rule concerning the way in which the censored speech would threaten one of the defendants' specific legitimate penological interests. The notice shall also inform the sender of their right to appeal the decision, and include the name and address of the person to whom such appeals should be addressed and the date by which appeals must be submitted. The notice shall also be given to the intended prisoner-recipient of the mail. The refused item(s) will be retained by the Jail in accordance with the appeal process established by the Jail. Additionally, the review process for the appeal shall include the sender's and prisoner-recipient's right to have its appeal, if any, considered and resolved by a decision maker at the Jail who did not participate in the original decision to refuse to deliver the publication or enveloped mail in question. Any decision on the appeal shall be mailed to the sender and intended prisoner-recipient within three (3) business days.

K. Defendants Gene Fischer and Kirk Keller, and their agents, assigns, employees, deputies, and successors will establish, implement, and enforce policies and procedures that will fully effectuate the injunctive terms of this Agreement.

L. It is further agreed that within thirty (30) days of the date of filing of this Agreement, Defendants will disseminate a copy to all employees of the Jail, as well as to all persons in custody at the Jail, and that the injunctive terms of this Agreement will be fully implemented by all Jail staff persons. Further, a copy of this Agreement shall be posted on the Greene County Sheriff's website, shall be available to prisoners in the Jail's library, and copies of this Agreement shall be posted in the common areas of the Jail for a period of ninety (90) days after the date of entry of the Agreement

by the Court. Defendants' counsel will furnish the Court and Plaintiff's counsel with written confirmation that Defendants have complied with the provisions of this paragraph.

M. The bond requirement of Fed. R. Civ. P. 65(c), if any, is waived.

### III. Reservation of Jurisdiction

N. The federal court shall retain jurisdiction over this Agreement. The parties agree to submit this Agreement to the Court for entry of an order retaining jurisdiction over the claims and for enforcement of the provisions herein consistent with *Kokkonen v. Guardian Life Insurance of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994).

### IV. Miscellaneous Provisions

O. Defendants and HRDC acknowledge and agree that they have been represented by legal counsel with respect to the matters that are the subject of this Agreement and that they have entered into this Agreement freely and voluntarily.

P. The Parties agree that facsimile or PDF signatures are deemed to be originals and that this Agreement may be executed in counterparts. Upon signature of the Parties, this Agreement shall be deemed executed, final, and binding.

Q. This Agreement sets forth the entire understanding between the Parties with respect to the subject matter contained herein, and there are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between or among the Parties hereto relating to the subject matter of this Agreement which are not fully expressed herein. This Agreement supersedes all prior negotiations, representations, statements, or promises between the Parties, whether written or oral, as to these matters.

R. This Agreement shall be binding upon and inure to the benefit of Defendants and HRDC, and their respective successors and assigns.

S. The obligations imposed by this Agreement are severable. If for any reason a part of

this Agreement is invalid or unenforceable, that determination shall not affect the remainder of this Agreement.

T. The Parties agree that this case concerns the First and Fourteenth Amendment rights of a publisher, and is therefore not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996. The Parties also agree that the injunctive relief contained herein is narrowly drawn, extends no further than necessary to correct the harm to HRDC, and is the least intrusive means necessary to correct that harm.

U. The Parties agree that the public interest is served by the injunctive relief herein, which protects the constitutional rights of publishers and other persons who correspond with prisoners by mail, and the right of prisoners to send and receive mail.

V. This Agreement and any of its provisions may be amended, modified, or terminated only by written agreement signed by HRDC and Defendants. Such written agreement(s) shall be effective only upon approval by the Court.

Dated this 29th day of November, 2017.

Stipulated and Agreed to:

HUMAN RIGHTS DEFENSE CENTER

By: _____
Title: Executive Director
Date: 11/24/17

COUNTY OF GREENE

By: _____
Title: _____
Date: _____

GREENE COUNTY SHERIFF'S OFFICE
GENE FISCHER, SHERIFF
120 E Main St.
Xenia, OH 45385

[PLAINTIFF'S ATTORNEY(S)] Approved as to form only

By: _____

Date: _____11/29/17_____

[DEFENDANTS' ATTORNEY(S)] Approved as to form only

By: _____

Date: _____11/29/2017_____